# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS,<br><br>                Petitioner,<br><br>vs.<br><br><br>DOMINGO URIBE, JR., Warden, et al.,<br><br>                Respondents. | CASE NO. 10-CV-2029-H (AJB)<br><br>**ORDER**<br><br>**(1) DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(2) DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(3) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(4) DENYING PETITIONER'S MOTION FOR RELEASE FROM PRISON** |

      On September 21, 2010, Petitioner Gregory Downs ("Petitioner") filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On December 17, 2010, Petitioner filed a motion for preliminary injunction and a motion for summary judgment. (Doc. No. 19.) On January 6, 2011, Petitioner filed a motion for preliminary injunction, a motion for summary judgment, a motion for appointment of counsel, and a motion for release from prison. (Doc. No. 26.) On February 8, 2011, the magistrate judge issued a report and recommendation

recommending that the Court deny Petitioner's motion for preliminary injunction, deny Petitioner's motion for summary judgment, deny Petitioner's motion for appointment of counsel, and deny Petitioner's motion for release from prison. (Doc. No. 30.) On February 28, 2011 and March 3, 2011, Petitioner filed objections to the magistrate judge's report and recommendation. (Doc. Nos. 36, 42.) On February 17, 2011, Respondents filed a motion to dismiss Petitioner's writ of habeas corpus. (Doc. No. 33.) On March 15, 2011, Petitioner filed a response in opposition to Respondent's motion to dismiss. (Doc. No. 46.)

## DISCUSSION

### I. Preliminary Injunction

Petitioner seeks a preliminary injunction to enjoin all parole hearings. (Doc. Nos. 19, 26.) "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009). Alternatively, a plaintiff may be entitled to a preliminary injunction by establishing "the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor." Abercrombie & Fitch Co. v. Moose Creek, Inc., 486 F.3d 629, 633 (9th Cir. 2007); see also Aliance for the Wild Rockies v. Cottrell, 2011 U.S. App. LEXIS 1473, at *9-21 (9th Cir. Jan. 25, 2011). These alternative formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); see Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003). Thus, if "the balance of harms tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits." State of Alaska ex rel. Yukon Flats School Dist. v. Native Village of Venetie, 856 F.2d 1384, 1389 (9th Cir. 1988). If a plaintiff satisfies the above alternative balance test, he must still satisfy the irreparable injury and public interest prongs of the Winters test. See Alliance for Wild Rockies, 2011 U.S. App. LEXIS 1473, at *20-21.

Petitioner seeks an injunction of all parole hearings. The Court denies his request. Petitioner was given an opportunity to prepare for his parole hearings. For example, the transcript from the June 10, 2009 parole hearing reflects that the hearing was continued to allow Petitioner to obtain copies of police reports, to give Petitioner additional time to work on his parole plans, and to give Petitioner additional time to remain disciplinary free. (June 10, 2009 Hearing Trans., attached to Doc. No. 19.) Therefore, Petitioner has failed to demonstrate that he is likely to succeed on the merits or, alternatively, that there are serious questions as to the merits.

Additionally, Petitioner seeks to enjoin all parole hearings because he alleges that the Commissioners are biased. (Doc. No. 19.) Petitioner provides no evidence of actual bias against the inmates by the Commissioners. Accordingly, Petitioner has failed to demonstrate that he is likely to succeed on the merits or that he has raised serious questions going to the merits.

Further, Petitioner seeks to enjoin all parole hearings because he alleges that the California Department of Corrections and Rehabilitation ("CDCR") improperly classified him when he arrived at the prison and neglected him. (Doc. No. 19.) Petitioner provides no valid basis for an injunction on this ground, or any irreparable injury as a result. Accordingly, the Court DENIES Petitioner's motion for preliminary injunction.

**II. Summary Judgment**

Petitioner moved for summary judgment shortly after filing his petition for writ of habeas corpus. (Doc. Nos. 19, 26.) Summary judgment is proper if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

////

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of material fact remains. Id. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. "The 'opponent must do more than simply show that there is come metaphysical doubt as to the material fact.'" Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 265-66 (9th Cir. 1991) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

On December 17, 2010 and January 6, 2011, Petitioner filed motions for summary judgment. (Doc. Nos. 19, 26.) When Petitioner filed his motions for summary judgment, the time for Respondents to file a motion to dismiss or to answer had not passed. Respondents have now filed a motion to dismiss Petitioner's writ for habeas corpus which raises valid points. (See Doc. No. 33.) Because Respondents raise valid points in the motion to dismiss, the Court DENIES Petitioner's motion for summary judgment.

**III. Appointment of Counsel**

Petitioner filed a motion for appointment of counsel. (Doc. No. 26.) The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners may obtain representation if the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Terrovona

1  v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require
2  appointment of counsel when the court conducts an evidentiary hearing. Terrovona, 912 F.2d
3  at 1177; Knaubert, 791 F.2d at 728. The appointment of counsel is discretionary when no
4  evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728.

5  In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not
6  entitled to appointed counsel unless the circumstances of a particular case indicate that
7  appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196;
8  Knaubert, 791 F.2d at 728-29. "To determine whether appointment of counsel is required for
9  habeas petitioners with nonfrivolous claims, a district court should consider the legal
10 complexity of the case, the factual complexity of the case, the petitioner's ability to investigate
11 and present his claim, and any other relevant factors." Abdullah v. Norris, 18 F.3d 571, 573
12 (8th Cir. 1994).

13 There is no indication that appointed counsel is necessary to prevent due process
14 violations. Chaney, 801 F.2d at 1196. It appears that Plaintiff has a sufficient grasp of his case
15 and the legal issues involved. Based on the Plaintiff's filings to date, the Court concludes that
16 he is able to adequately articulate his position. Accordingly, the Court DENIES without
17 prejudice Petitioner's motion for appointment of counsel.

18 **IV. Motion to be Released from Prison**

19 Petitioner seeks to be released from prison. (Doc. No. 26.) Because there is a valid
20 state judgment and the Court has not ruled on Petitioner's writ of habeas corpus, the Court
21 DENIES Petitioner's motion to be released from prison.

22 **CONCLUSION**

23 For the foregoing reasons, the Court DENIES the Petitioner's motion for preliminary
24 injunction, DENIES Petitioner's motion for summary judgment, DENIES Petitioner's motion
25 for appointment of counsel, and DENIES Petitioner's motion to be released from prison.

26 **IT IS SO ORDERED.**
27 DATED: March 25, 2011
28                                                                  _____
                                                                    MARILYN L. HUFF, District Judge
                                                                    UNITED STATES DISTRICT COURT