# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS,<br><br>    Petitioner,<br><br>vs.<br><br>DOMINGO URIBE, JR., WARDEN, et al.,<br><br>    Respondent. | CASE NO. 10-CV-2029 H (MDD)<br><br>**ORDER:**<br><br>**(1) DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Doc. No. 59]<br><br>**(2) DENYING AS MOOT PETITIONER'S MOTION FOR DISCOVERY**<br><br>[Doc. No. 57] |

On September 21, 2010, Gregory Downs ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On October 25, 2010, Petitioner filed an amended petition. (Doc. No. 7.) On April 27, 2011, the Court granted Respondent's motion to dismiss and dismissed Petitioner's writ of habeas corpus as successive. (Doc. No. 55.) On May 10, 2011, Petitioner filed an appeal to the Ninth Circuit Court of Appeals. (Doc. No. 58.) On May 10, 2011, Petitioner also filed a request for a certificate of appealability. (Doc. No. 57.)

According to the Federal Rules of Appellate Procedure, a petitioner may not seek an appeal of a claim arising out of state court detention unless the petitioner obtains a certificate of appealability from either the district judge or a circuit judge under 28 U.S.C. § 2253. See

Fed. R. App. P. 22(b). Section 2253 states that a certificate of appealability may only issue if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1). If the petition is dismissed on procedural grounds without reaching the petitioner's underlying constitutional claim, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000); Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000).

Because each component is a part of the threshold inquiry, the court may dispose of the case "in a prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485. Therefore, a court does not have to address the constitutional question "if there is also present some other ground upon which the case may be disposed of." Id. (quoting Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).

In 2009, Petitioner filed two petitions for writ of habeas corpus with the United States District Court for the Eastern District of California. See Downs v. Cal. Bd. of Prison Terms, No. 09-cv-00715-GSA (HC) (E.D. Cal., filed Mar. 25, 2009); Downs v. Cal. Attorney General, No. 09-cv-01104-FCD-GGH (E.D. Cal., filed April 22, 2009). In the first petition, Petitioner raised claims relating to his February 1, 2005 and November 30, 2006 parole board hearings and the Board's alleged failure to turn over exculpatory evidence for Petitioner's parole hearings among other claims. See Downs v. Cal. Bd. of Prison Terms, 2009 WL 1312901, at *2 (E.D. Cal. May 12, 2009). On May 12, 2009, the district court dismissed the first petition on the merits for failure to state a claim. See id. On May 26, 2009, the district court dismissed the second petition for being duplicative and frivolous. See Downs v. Cal. Attorney General, No. 09-cv-01104-FCD-GGH (E.D. Cal., Order filed Mar. 26, 2009 [Doc. No. 6]). In the present petition, Petitioner again challenged the February 1, 2005 and November 30, 2006 parole board hearings, and the Board's alleged failure to turn over exculpatory evidence for Petitioner's parole hearings. (Doc. No. 7 at 23-25, 33-37, 42-43.)

The Court dismissed Petitioner's action because Petitioner challenged the same parole hearing issues he challenged in his prior habeas corpus petitions without obtaining an order from the Ninth Circuit authorizing this Court to consider the successive petition. See 28 U.S.C. § 2244(b)(3)(A); see also 28 U.S.C. § 2254(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). In addition, the Court dismissed Petitioner's other claims because those claims could have been raised in that previous petitions. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits."). Because a successive petition is "a plain procedural bar . . . and the district court is correct to invoke it to dispose of the case" jurists of reason would not find it debatable whether the Court was correct in its procedural ruling. See Slack, 529 U.S. at 484. Therefore, the Court DENIES Petitioner's request for a certificate of appealability.

On April 8, 2011, Petitioner filed a motion to take depositions pursuant to Federal Rule of Civil Procedure 27. (Doc. No. 57.) Because the Court dismissed Petitioner's writ of habeas corpus and denies a certificate of appealability, the Court DENIES as moot Petitioner's motion to take depositions.

## Conclusion

The Court DENIES Petitioner's request for a certificate of appealability and DENIES as moot Petitioner's motion for discovery.

**IT IS SO ORDERED.**

DATED: May 12, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.